## JULIA A. FRANCISCO
### vs.
## RUSSELL A. DINKLER

Superior Court      Fairfield County      File #52270

Present: Hon. KENNETH WYNNE, Judge.

Lazarus S. Heyman,      Attorney for the Plaintiff.

Shapiro, Goldstein & Brody,    Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 6, 1937.

WYNNE, J.   Admittedly the only question involved in the present motion concerns the claimed inadequacy of the amount allowed by the jury.   The plaintiff relied entirely upon the testimony of one physician to describe her injuries and to express an opinion as to her disability.   A careful review of the testimony of this witness indicates that he was far from being didactic even when expressing the opinion most favorable to the plaintiff.   It is true that he expressed his feeling as to the extent of plaintiff's injuries and his confidence that her complaints were made in good faith but his description of the relatively simple injuries which confined the plaintiff to the hospital and her absence of complaint as to any back injury at the time of her discharge could well have been taken by the jury as defining the extent of the injuries from the accident in question.   The doctor had to concede that he had seen his patient on a prior occasion for a back strain and that she was also suffering from a thyroid condition which eventually resulted in her going to Boston for an operation.   The doctor was too frank and too honest intellectually to go further than express what he termed a "feeling".   The jury had the undoubted right to accept as proven that part of the doctor's story that dealt solely with demonstrable results of the plaintiff's injuries.   The court has no right to substitute his judgment for that of the jury and could only properly act if there were no evidence constituting a legal basis for the jury's conclusion.   There is no such situation present and the motion to set aside the verdict must be denied.